Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 29, 2007, convicting defendant Steven Mason, upon his plea of guilty, of enterprise corruption, grand larceny in the second degree (two counts) and attempted grand larceny in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 7V2 to 15 years, unanimously affirmed.
*488 Judgments, same court and Justice, rendered November 8, 2007, convicting defendant Reginald Rabb, upon his pleas of guilty, of enterprise corruption, grand larceny in the second degree (two counts), attempted grand larceny in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 8V2 to 17 years, unanimously affirmed.
The court properly denied defendants’ motions to suppress evidence acquired from eavesdropping. The eavesdropping warrants made the type of particularized showing of necessity required by CPL 700.15 (4). The affidavits were not conclusory, but instead provided detailed reasons why normal investigative procedures would likely be unsuccessful (compare United States v DiMuro, 540 F2d 503, 510-511 [1st Cir 1976], cert denied 429 US 1038 [1977], with United States v Santora, 600 F2d 1317 [9th Cir 1979], and People v Fonville, 247 AD2d 115 [1998]). The affiant’s reliance on experience obtained in a closely related investigation into similar activities by other suspects was proper, because the affidavit was sufficiently specific in showing the connection between the two investigations. Since defendants never attacked the credibility of the affiant, the court properly denied the motions without a hearing (see People v Rock, 33 AD3d 334 [2006], lv denied 8 NY3d 848 [2007]). Concur—Saxe, J.P., Nardelli, Buckley, Acosta and Freedman, JJ.